OA 91  Criminal Complaint

# United States District Court

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA
V.
ANTHONY EUGENE WILEY, aka "JUNE BUG"

CRIMINAL COMPLAINT

Case Number: 4-08-70392

WDB

BZ

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __June 9, 2008__ in __Contra Costa__ County, in the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally distribute a Schedule II controlled substance, namely, approximately 27.8 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 841(b)(1)(B)(iii)__ .

I further state that I am a(n) __Special Agent for the Federal Bureau of Investigation__ and that this complaint is based on the following facts:

See attached affidavit.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved As To Form:  James C. Mann
                      AUSA

Nitiana Doss, Special Agent
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

June 30, 2008
Date

at San Francisco, California
   City and State

Honorable Bernard Zimmerman    U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nitiana Doss, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

### I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since August 2005. Currently, I am assigned to the Violent Crimes and Major Offender Squad at the Oakland Resident Agency, San Francisco Field Office, where my responsibilities involve the investigation of gangs and narcotics. During my tenure in the FBI, I have been involved in numerous investigations of gang-related narcotics traffickers. Several of the investigations have involved gangs and narcotics traffickers in the area of Richmond, California. I have participated in physical and electronic surveillance, undercover narcotics transactions, executed search warrants, and reviewed recorded conversations of drug traffickers. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

### II. PURPOSE OF THIS AFFIDAVIT

2. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging ANTHONY EUGENE WILEY, aka "JUNE BUG" with distribution of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about June 9, 2008, ANTHONY EUGENE WILEY distributed a Schedule II controlled substance, namely, approximately 27.8 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and personal knowledge of this investigation.

III. **PROBABLE CAUSE**

    A. **Criminal History Of ANTHONY EUGENE WILEY.**

    4. I have reviewed a criminal history report and certain certified conviction documents for WILEY, which indicate that WILEY has the following prior felony convictions for narcotics-related offenses: (1) on May 15, 1992, WILEY was convicted of one violation of California Health & Safety Code § 11351.5, possession of cocaine base for sale; (2) on June 7, 1993, WILEY was convicted of one violation of California Health & Safety Code § 11351.5, possession of cocaine base for sale; (3) on July 13, 1995, WILEY was convicted of one violation of California Health & Safety Code § 11351.5, possession of cocaine base for sale, and four violations of California Health Safety Code § 11352(a), distribution of a controlled substance; and (4) on April 7, 2005, WILEY was convicted of one violation of California Health Safety Code § 11352(a), distribution of a controlled substance.

    B. **Confidential Source.**

    5. The FBI and Contra Costa County Sheriff's Office ("CCCSO") are currently utilizing a confidential source ("CS") in our investigation of WILEY. I have reviewed a criminal history report for the CS, which reflects the following: on September 14, 2007, the CS was convicted of a felony violation of California Health & Safety Code § 11351.5 (possession of cocaine base for sale); and (2) on August 4, 2006, the CS was convicted of a misdemeanor violation of California Penal Code § 12280(b) (possession of an assault weapon). The CS was arrested for burglary in March 2005, taking a vehicle without consent, receiving stolen property, and possession of burglary tools in September 2005, and petty theft with a prior in June 2006. The CS was also arrested for violations of California Health & Safety Code § 11351.5 (possession of cocaine base for sale) on October 29, 2006, February 28, 2007, May 26, 2007, and April 23, 2008. The CS was arrested on October 25, 2006 for a violation of California Health & Safety Code § 11532(a) (loitering in a public place in connection with illegal drug activity); on January 15, 2007 for a violation of California Health & Safety Code § 11378 (possession of a controlled substance for sale); and on October 20, 2007 for a violation of California Health & Safety Code § 11359 (possession of marijuana for sale). Additionally, the CS was arrested on

1  December 20, 2007 for violations of California Penal Code §§ 245(a)(1) (assault with a deadly
2  weapon, not a firearm), 422 (threaten with intent to terrorize), 417(a)(1) (exhibition of a deadly
3  weapon, not a firearm), and 243(a) (battery on a person). The CS was arrested most recently on
4  May 20, 2008 for a violation of Penal Code § 69 (obstruction/resisting an executive officer); and
5  on June 5, 2008 for various narcotics-related offenses, including a violation of California Health
6  & Safety Code § 11351.5 (possession of cocaine base for sale), a violation of California Health &
7  Safety Code § 11352 (distribution of a controlled substance), and a violation of Penal Code §
8  186.22(a) (participation in a street gang). On several of the above-referenced occasions when the
9  CS was arrested for narcotics-related offenses, including on June 5, 2008, he/she was also
10 arrested for violations of Penal Code § 148(a) (obstruction/resisting a public officer).
11     6.     After the CS's arrest on June 5, 2008, he/she began cooperating with the FBI and
12 CCCSO. In exchange for the CS's cooperation, he/she was released from state custody following
13 his June 5, 2008 arrest. I believe the CS was cooperating in hopes of avoiding federal and state
14 narcotics-related charges in connection with the above-referenced arrests.
15     **C.     Background Information Provided By The CS.**
16     7.     On or about June 8, 2008, the CS told me that he/she has previously purchased
17 cocaine base from WILEY approximately five times. The last time the CS purchased cocaine
18 base from WILEY was last year. At that time, the CS recalled that he/she purchased half an
19 ounce of cocaine base from WILEY.
20     **D.     Controlled Purchase Of Crack Cocaine From WILEY.**
21     8.     On or about June 9, 2008, at my direction, the CS placed two calls to WILEY at
22 (510) 253-3229. These calls were placed using the speaker phone function on the CS's mobile
23 telephone and were monitored by me, Special Agent Doug Hunt of the FBI, and Jose Beltran, a
24 detective with the CCCSO.
25     a.     At approximately 5:16 p.m., the CS placed a call to WILEY at (510) 253-
26 3229. The CS greeted WILEY and asked where WILEY was. WILEY replied that he was "on
27 the block." The CS then said he/she was getting changed and would come to see WILEY. Based
28 upon my training and experience, and knowledge of this investigation, I believe WILEY's

reference to "the block" is a reference to the block surrounding 5th Street and Market Avenue in Richmond, California. This is an area known by law enforcement for narcotics-related activity.

   b.  Approximately 20 minutes later, the CS placed a second call to WILEY at (510) 253-3229. The CS asked WILEY if anyone had "any." The CS stated that he/she would need "one of what he/she usually posts with." WILEY replied "yes," and told the CS not to talk on the phone, but to meet him on the block. Based upon my training and experience, and knowledge of this investigation, I believe the CS's references to "any" and "one of what he/she usually posts with" are references to cocaine base, and the latter statement is a specific reference to an ounce of cocaine base.

  9.  Additionally, on or about June 9, 2008, at my direction, the CS purchased approximately one ounce of suspected cocaine base from WILEY. I, along with Special Agent Doug Hunt and Detective Beltran, searched the CS for contraband and currency prior to the installation of a recording device on his/her person. No contraband was found; all currency other than the funds provided by me for use in the controlled transaction were removed and retained by me. We then dropped the CS off in North Richmond at approximately 5:45 pm. Given the circumstances, we were unable to maintain surveillance of the CS. We picked up the CS at approximately 6:17 p.m. in North Richmond. At that time, the CS told me that he/she had purchased approximately an ounce of cocaine base from WILEY for $600. The CS provided me with a plastic baggie containing approximately one ounce of suspected cocaine base.

  10.  I reviewed the video and audio recorded from the recording device installed on the CS prior to the controlled transaction.

   a.  The recording shows the CS meeting with WILEY near the corner of 5th Street and Market Avenue in Richmond, California. During a discussion between the CS and WILEY, WILEY asks "how much?" The CS responds that he/she "just needs one." WILEY responds: "An ounce? I can call the boy to come and bring me one." WILEY states that it will be "6 hard, 7 soft." Based upon my training and experience, and knowledge of this investigation, I believe WILEY's statement to mean that it would cost $600 for an ounce of cocaine base in the form of "crack" cocaine and $700 for an ounce of powder cocaine. WILEY also states that he

1 | bought "a half today" and he made "5-something." Based upon my training and experience, and
2 | knowledge of this investigation, I believe WILEY's statement to mean that he purchased a half
3 | ounce of cocaine base and sold it for approximately $500 profit. Near the end of the discussion
4 | between WILEY and the CS, money can be seen in the CS's hands.

5 |       b.    Following the discussion between the CS and WILEY, the CS appears to
6 | ride a bicycle around several residential streets in Richmond, California for approximately four
7 | minutes. While riding the bicycle, the CS encounters a group of individuals and appears to ask
8 | them to make change. The CS then meets with WILEY again on corner of 5th Street and Market
9 | Avenue. The CS approaches WILEY, and money can been seen in the CS's hands before his/her
10 | hands disappear out of view. WILEY's hands cannot be seen on the recording, but WILEY
11 | appears to be looking down at his hands and at the hands of the CS.

12 |       c.    The CS then rides a bicycle to a nearby house in Richmond, California and
13 | enters the house, engaging in conversation with an individual in the house and then an individual
14 | in the driveway of the house. The CS then walks along a residential street in Richmond,
15 | California, engaging in conversation with additional individuals he/she encounters along the way;
16 | he/she then returns to the house. Approximately ten minutes after meeting WILEY on the corner
17 | of 5th Street and Market Avenue, the CS meets with WILEY again on the street in front of the
18 | house. WILEY arrives in a dark-colored car and does not get out of the car. The CS leans into
19 | the car through the open passenger-side door and WILEY leans toward the CS. A clear plastic
20 | baggie containing a chunky white substance can then be seen in the CS's hands. WILEY
21 | immediately leaves in the dark-colored car.

22 |    11.    On or about June 26, 2008, I reviewed the Drug Enforcement Administration
23 | Laboratory Report ("Report") concerning the analysis of the suspected cocaine base purchased
24 | from WILEY. According to the Report, the suspect cocaine base weighed approximately 27.8
25 | grams and tested positive for the presence of cocaine base.

## IV. CONCLUSION

27 |    12.    For the reasons stated above, I believe there is probable cause to believe that, on
28 | or about June 9, 2008, ANTHONY EUGENE WILEY distributed a Schedule II controlled

5

substance, namely, approximately 27.8 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Nitiana Doss
Special Agent, Federal Bureau of Investigation

Sworn to before me this
30 day of June 2008.

_____
HONORABLE BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE

AO-257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [✓] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

---- OFFENSE CHARGED ----

VIOLATIONS: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[✓] Felony

PENALTY:
See Attached.

---- DEFENDANT - U.S. ----

▶ ANTHONY EUGENE WILEY, aka "JUNE BUG"

DISTRICT COURT NUMBER

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
Federal Bureau of Investigation

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   [ ] U.S. Att'y   [ ] Defense

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   JOSEPH P. RUSSONIELLO
[✓] U.S. Att'y   [ ] Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   James C. Mann, AUSA

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction
6) [✓] Awaiting trial on other charges   } [ ] Fed'l  [✓] State

If answer to (6) is "Yes", show name of institution
Contra Costa County

Has detainer been filed?   [ ] Yes   [ ] No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

[ ] This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
[ ] SUMMONS   [ ] NO PROCESS*   [✓] WARRANT   Bail Amount: No bail.

If Summons, complete following:
[ ] Arraignment   [ ] Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET FOR ANTHONY EUGENE WILEY

21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) - Distribution Of A Schedule II Controlled Substance (Cocaine Base).

*If 851 Information alleging prior felony narcotics conviction filed:*

   (1)   Imprisonment:         Maximum Life Imprisonment
                                Mandatory Minimum 10 Years Imprisonment
   (2)   Fine:                  Maximum $4,000,000
   (3)   Supervised Release:    Maximum Lifetime
                                Mandatory Minimum 8-Year Term
   (4)   Special Assessment:    $100.00

*If 851 Information alleging prior felony narcotics conviction not filed:*

   (1)   Imprisonment:         Maximum 40 Years Imprisonment
                                Mandatory Minimum 5 Years Imprisonment
   (2)   Fine:                  Maximum $2,000,000
   (3)   Supervised Release:    Maximum Lifetime
                                Mandatory Minimum 4-Year Term.
   (4)   Special Assessment:    $100.00